Opinion by
MR. JUSTICE GROVES.
The defendant was charged by indictment as follows:
“That [defendant] did . . . assault ... a peace officer, with a deadly weapon, instrument or other thing, namely, a telephone, and with other means, namely, his fists . . . with intent ... to commit a great bodily injury . . . and the circumstances thereof . . . showing an abandoned and malignant heart. . .
*69 By its verdict the jury found “the defendant guilty of an assault with a deadly weapon upon a Police Officer in the manner and form as charged in the indictment.” We reverse.
Viewed in a light most favorable to the prosecution, the evidence was as follows: A 15-year old boy was playing basketball. The ball bounced into an alley and was picked up by the defendant. The defendant told the boy to go inside the adjoining Police Community Center Building and tell police officer Sutton that, if he ever wanted to see the basketball again, he had better come outside and talk. The message was relayed to Sutton, who came outside. The defendant ran toward his house, and Sutton chased him. They met at the back door of defendant’s house. After some words, the defendant struck Sutton on the chest with his fist. Defendant proceeded into the house with Sutton following. The defendant’s brother, James Garcia, was drunk. James picked up a telephone set and started to strike Sutton with it. Sutton pushed James away and the defendant grabbed Sutton by the throat from behind. Sutton reached around, grabbed the defendant’s testicles and forced release of the choke hold. After a little more scuffling, Sutton subdued the defendant with a night stick.
There is nothing in the record to show that the defendant touched or had anything to do with the telephone. The Attorney General argues that the evidence supported a conviction under the second part of the indictment, viz. the defendant
“did . . . assault... a police officer . . . with other means, namely, his fists . . . with intent ... to commit a great bodily injury . . . and the circumstances thereof . . . showing an abandoned and malignant heart. . . .”
Be that as it may, the fact remains that the only deadly weapon mentioned in the indictment was a telephone, and the only charge of which the defendant was found guilty was assault with a deadly weapon. It not being shown that the defendant assaulted the police officer with a deadly weapon, the verdict is unsupported by the evidence. Towbin v. United States, 93 F.2d 861 (10th Cir. 1938).
The judgment is reversed and the cause remanded with directions to enter judgment of acquittal as to assault with a deadly weapon and for proceedings not inconsonant with the views expressed in this opinion.
MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.